IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KENNETH LEO BUHOLTZ,  )
                                          )
      Petitioner,          )
v.                                  )      Civil Action No. 3:15CV630–HEH
                                          )
ERIC D. WILSON,           )
                                          )
      Respondent.        )

**MEMORANDUM OPINION**
**(Adopting Report and Recommendation and Dismissing Action)**

Kenneth Leo Buholtz, a federal inmate proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1). Buholtz raises a due process challenge to his conviction within the Bureau of Prisons ("BOP") for the institutional infraction of fighting with another inmate. On April 22, 2016, the Magistrate Judge issued a Report and Recommendation wherein he recommended that the § 2241 Petition be denied because Buholtz failed to demonstrate entitlement to relief. Buholtz has filed objections. ("Objections," ECF No. 13.) For the reasons that follow, Buholtz's Objections will be overruled, the Motion for Summary Judgment will be granted, and the Report and Recommendation will be accepted and adopted.

## I. THE REPORT AND RECOMMENDATION

The Magistrate Judge made the following findings and recommendation:

### A. Standard for Summary Judgment

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the

responsibility of the party seeking summary judgment to inform the Court of the basis for the motion, and to identify the parts of the record that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the Court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (citing *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)). "'[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed.'" *Id.* (quoting *Munson*, 81 U.S. at 448). Additionally, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

In support of his Motion for Summary Judgment, Respondent submits: (1) the Declaration of Cornelia Coll, a Paralegal Specialist at the Federal Correctional Complex in Butner, North Carolina (Mem. Supp. Mot. Summ. J. Ex. 1 ("Coll Decl."), ECF No. 7-1); (2) Buholtz's BOP sentence computation records (*id.* Attachs. 1-2); (3) records from Buholtz's disciplinary proceedings for the charge of fighting with another inmate (*id.* Attach. 3); and, (4) records of Buholtz's administrative remedy requests (*id.* Attach. 4). Buholtz filed a Response; however, he failed to swear to its contents under penalty of perjury. *See United States v. White*, 366 F.3d 291, 300 (4th Cir. 2004) (emphasizing that unsworn argument does not constitute evidence). Buholtz's § 2241 Petition, however, is sworn to under penalty of perjury and therefore may be considered in opposition to Respondent's Motion. *See Williams v. Griffin*, 952 F.3d 820, 823 (4th Cir. 1991).

In light of the foregoing principles and submissions, the following facts are established for purposes of the Motion for Summary Judgment. The Court draws all permissible inferences in favor of Buholtz.

**B.     Summary of Pertinent Facts**

On March 22, 2013, the United States District Court for the Eastern District of Texas sentenced Buholtz to 120 months of imprisonment for transportation of minors, in violation of 18 U.S.C. § 2423(a). (Coll Decl. ¶ 4.) Buholtz is currently incarcerated at the Federal Correctional Complex in Petersburg, Virginia. (*Id.*) At the time of the incident that forms the basis of his § 2241 Petition, Buholtz was incarcerated at the Federal Correctional Institution in Big Spring, Texas ("FCI Big Spring"). (*Id.*)

On January 26, 2014, staff at FCI Big Spring completed an investigation into an allegation that Buholtz had been involved in a physical altercation with another inmate on December 16, 2013. (*Id.* Attach. 3, at 1.) That same day, staff filed an Incident Report charging Buholtz with a violation of Code 201, Fighting With Another Person. (*Id.*) Buholtz received a copy of the Incident Report that day. (*Id.*) At that time, he was advised of his institutional rights. (*Id.* at 2.) He requested no witnesses to testify on his behalf. (*Id.*) Three days later, on January 29, 2014, staff again advised Buholtz of his institutional rights, including the right to call witnesses at his hearing. (*Id.* at 3.) At that time, Buholtz again indicated that he did not desire to call any witnesses on his behalf. (*Id.*) Buholtz also declined the assistance of a staff representative. (*Id.*)

The Unit Discipline Committee referred the charge to the Discipline Hearing Officer ("DHO") for further review. (*Id.* at 1.) The DHO held a hearing on February 4, 2014. (*Id.* at 5.) The DHO confirmed that Buholtz "received a copy of the incident report, did not want a staff representative, did not want to call witnesses, and had no documentary evidence to present." (*Id.* at 6.) During the hearing, Buholtz admitted to calling the other inmate "a bitch." (*Id.* at 5.) He claimed that the other inmate hit him from behind. (*Id.*) Buholtz contended that he was not fighting, but was attacked by the other inmate. (*Id.*; *see also* § 2241 Pet. 7, 12.)[1]

The DHO found that Buholtz had committed a violation of Code 201, Fighting With Another Person. (Coll Decl. Attach. 3 at 6.) The DHO based that finding on the Inmate Investigative Report, BOP Health Services Clinical Encounters for both Buholtz and the other inmate, and photographs. (*Id.* at 6-7.) In his first interview, Buholtz told prison

---

[1] The Court utilizes the pagination assigned to Buholtz's § 2241 Petition by the CM/ECF docketing system. The Court corrects the capitalization and spelling in quotations from Buholtz's submissions.

officials that he had slipped and hit himself on a locker. (*Id.* at 6.) However, the other inmate immediately admitted to interviewers that he had been in a physical altercation with Buholtz. (*Id.*) The evidence also established that after the incident, Buholtz and the other inmate "both had injuries consistent with fighting." (*Id.*) In his report, the DHO acknowledged Buholtz's statement during the hearing that he had been attacked from behind, and had not been fighting, but found Buholtz's defense incredible. (*Id.* at 7.)

The DHO sanctioned Buholtz by disallowing 27 days of good conduct time, and imposing 30 days of disciplinary segregation, as well as 90 days' loss of commissary, telephone, visiting, and email privileges. (*Id.*) Buholtz received the DHO's written report on February 19, 2014. (*Id.* at 8.) He subsequently exhausted his administrative remedies with respect to the conviction and sanctions. (Coll Decl. ¶ 7.)

### C. Ground for Relief

Buholtz contends that he is entitled to habeas relief upon the following ground: "The Disciplinary Hearing Officer abused his discretion and violated the Petitioner's due process rights when the DHO found Petitioner guilty of fighting with another person and disallowed 27 days of good conduct time credits where the Petitioner was attacked." (§ 2241 Pet. 6.)[2]

### D. Analysis

#### 1. Substantive Due Process

Buholtz primarily contends that his conviction for fighting with another inmate violates his substantive due process right to defend himself. (*See* § 2241 Pet. 6-7.) In his Response, Buholtz asserts that he has a substantive due process right to defend himself against another inmate's attack while he is incarcerated. (Resp. 4-6, ECF No. 10.) According to Buholtz, Respondent's "implied suggestion is that Buholtz should have merely laid down and accept[ed] the beating," and that this suggestion "shocks the conscience." (*Id.* at 6 (citation omitted).)

However, no need exists to examine whether Buholtz possesses a due process right to defend himself in the instant action. The undisputed evidence demonstrates that Buholtz was not acting in self-defense, but instead provoked the fight by calling the other inmate a derogatory name. Buholtz then fully engaged in the physical altercation. Buholtz made

---

[2] Buholtz does not challenge any other aspect of his sanction.

inconsistent statements about the fight to prison officials, and the DHO found his self-defense argument incredible. Buholtz offers no evidence or persuasive argument to rebut this conclusion.[3] Thus, he fails to demonstrate that the DHO violated his due process rights when the DHO found that Buholtz was not acting in self-defense. Accordingly, it is RECOMMENDED that Buholtz's substantive due process claim be DISMISSED because it lacks merit.

### 2. Procedural Due Process

It is well established that inmates have a protected liberty interest in vested good conduct time. *See Wolff v. McDonnell*, 418 U.S. 539, 560-61 (1974); *Puranda v. Hill*, No. 3:10CV733-HEH, 2012 WL 2311844, at *3 (E.D. Va. June 18, 2012) (citing *Sciolino v. City of Newport News, Va.*, 480 F.3d 642, 653 n.9 (4th Cir. 2007)). The Constitution guarantees only the following minimal process prior to revoking good conduct time:
> (1) an impartial tribunal; (2) written notice of the charges prior to the hearing; (3) an opportunity to call witnesses and present documentary evidence; (4) aid from a fellow inmate or staff representative if the issues are complex; and, (5) a written statement by the fact finder describing the evidence relied upon and the reasons for taking disciplinary action.

*Coor v. Stansberry*, No. 3:08CV61, 2008 WL 8289490, at *2 (citing *Wolff*, 418 U.S. at 563-71). Furthermore, "the requirements of due process are satisfied if *some evidence* supports the decision by the prison disciplinary board to revoke good time credits." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985) (emphasis added). The Supreme Court emphasized:
> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

---

[3] In any event, the Court has found that "[i]n the context of a prison disciplinary hearing, [a petitioner does] not enjoy a substantive due process right to use violence to defend himself." *Rudd v. Stansberry*, No. 3:10CV481-HEH, 2011 WL 2970925, at *3 (E.D. Va. July 20, 2011) (citing *Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011); *Williams v. Kort*, 223 F. App'x 95, 100 (3d Cir. 2007); *MacMillan v. Pontesso*, 73 F. App'x 213, 214 n.1 (9th Cir. 2003); *Saleh v. Davis*, No. 09-cv-02607-PAB-KLM, 2010 WL 5676524, at *6 (D. Colo. Nov. 4, 2010); *Slack v. Canino*, No. CIV A. 95-1412, 1995 WL 498709, at *1 (E.D. Pa. Aug. 21, 1995)).

*Id.* at 455-56. As discussed below, to the extent Buholtz alleges a due process violation, he received all process that was due.

The undisputed evidence reflects that Buholtz received an impartial hearing, written notice of the charge against him prior to the hearing, and the opportunity to present documentary evidence. (Coll Decl. Attach. 3, at 6.) Staff provided Buholtz with an opportunity to receive aid from a staff representative; however, Buholtz declined such assistance. (*Id.* at 3.) Buholtz received the DHO's written report on February 19, 2014. (*Id.* at 8.) Moreover, overwhelming evidence clearly supported the DHO's decision to find Buholtz guilty of fighting with another inmate and to revoke his good conduct time. (*Id.* at 6-7.)

First, Buholtz alleges, in a conclusory fashion, that he "was denied due process by not allowing for additional evidence to be allowed by witnesses to support his assertions that he was attacked and not a willing participant in a 'fight.'" (§ 2241 Pet. 14.) However, the record reflects that on January 26, 2014, when staff served Buholtz with a copy of the Incident Report, Buholtz declined to request any witnesses to appear on his behalf. (Coll Decl. Attach. 3, at 2-3.) Furthermore, during the hearing, the DHO confirmed with Buholtz that he had "received a copy of the incident report, did not want a staff representative, did not want to call witnesses, and had no documentary evidence to present." (*Id.* at 6.) Thus, Buholtz alone can be faulted for failing to call witnesses. Buholtz's "[a]iry generalities [and] conclusory assertions" that he was not allowed to call witnesses "[do] not suffice to stave off summary judgment." *United States v. Roane*, 378 F.3d 382, 400-01 (4th Cir. 2004) (first and third alterations in original) (citations omitted) (internal quotation marks omitted).

Second, Buholtz alleges that 28 C.F.R. § 541.5 "requires staff to serve the inmate whose actions are in question with an incident report within 24 hours," (Resp. 2), but that staff "delivered the incident report to [him] on January 26, 2014; 41 days" after the December 16, 2013 incident (*id.* at 3). 28 C.F.R. § 541.5 provides in relevant part:

> (a) Incident report. The discipline process starts when staff witness or reasonably believe that you committed a prohibited act. A staff member will issue you an incident report describing the incident and the prohibited act(s) you are charged with committing. You will *ordinarily* receive the incident report within 24 hours of staff becoming aware of your involvement in the incident.

28 C.F.R. § 541.5(a) (emphasis added). As other courts have explained, "[t]his claim . . . does not withstand a plain reading of the regulation. Section 541.5(a) is advisory, providing that written charges 'ordinarily' should be given within a day . . . ." *Mendoza v. Tamez*, 451 F. App'x 715, 717 (10th Cir. 2011). Moreover, "noncompliance with the regulation

would not have amounted to a due process violation. Although [Buholtz] has a liberty interest in his good [conduct time], he has no comparable interest in the proper enforcement of prison regulations." *Id.*; *see also Wallace v. Fed. Det. Ctr.*, 528 F. App'x 160, 163 (3d Cir. 2013) (citation omitted) (noting that although a petitioner "has a liberty interest in his good time credits, he did not show that the regulations themselves created a liberty or property interest such that their violation abridged his due process rights"). Buholtz fails to demonstrate that staff violated his due process rights when they delivered his Incident Report 41 days after the incident.

In sum, a review of the record reveals that Buholtz received all the process he was due before losing good conduct time. Therefore, it is RECOMMENDED that Buholtz's procedural due process claim be DISMISSED because it lacks merit.

E.  **Conclusion**

Accordingly, it is RECOMMENDED that the Motion for Summary Judgment (ECF No. 6) be GRANTED, the Motion to Dismiss (ECF No. 5) be DENIED AS MOOT, Buholtz's claims be DISMISSED, and the § 2241 Petition be DENIED.

(Report and Recommendation entered April 22, 2016 (alterations in original).)

II.  **STANDARD OF REVIEW FOR REPORT AND RECOMMENDATION**

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*,

474 U.S. 140, 147 (1985). When reviewing the magistrate's recommendation, this Court "may also receive further evidence." 28 U.S.C. § 636(b)(1).

### III. BUHOLTZ'S OBJECTIONS

In his first objection, Buholtz asserts that the Magistrate Judge incorrectly "equat[e]d harmless verbal exchanges with fighting." (Objs. 1.) He contends that "[i]nmates are allowed to enga[g]e in vulgar banter" and that "[w]ords . . . do not constitute physical combat." (*Id.* at 1–2). Buholtz maintains that he "did not wish to engage in combat [so] he fled the scene" and "the assailant" followed him. (*Id.*) Buholtz was not charged for simply using "vulgar banter." Buholtz used vulgar language that provoked a fight and engaged in a physical altercation with another inmate and was charged with fighting with another person. While Buholtz again attempts to discharge himself from any liability for the fight, the evidence demonstrated that Buholtz had injuries consistent with fighting and the hearing officer found his statement that he was struck from behind incredible. Accordingly, Buholtz's first objection will be overruled.

In his second objection, Buholtz takes issue with the Magistrate Judge's conclusion that no need existed to examine whether Buholtz had a due process right to self-defense, because the undisputed evidence demonstrated that Buholtz was not acting in self-defense. Buholtz states: "As cited above, Petitioner disagrees that the evidence shows such and thus, the Court should have evaluated Petitioner's claim of a right to self-defense." (*Id.* at 2.) The Court discerns no error in the Magistrate Judge's analysis or conclusion. The hearings officer found that the evidence demonstrated that Buholtz had not simply been struck from behind, but had engaged in the fight. Because the record

shows that Buholtz was not merely acting in self-defense, the Magistrate Judge appropriately determined that no need existed to ascertain whether Buholtz had a due process right to defense himself.[4] Accordingly, Buholtz's second objection will be overruled.

## IV. CONCLUSION

Buholtz's objections will be overruled. The Report and Recommendation will be accepted and adopted. The Motion for Summary Judgment (ECF No. 6) will be granted. The Motion to Dismiss (ECF No. 5) will be denied as moot. Buholtz's claims and the action will be dismissed. A certificate of appealability will be denied.

An appropriate Final Order will accompany this Memorandum Opinion.

                                              /s/
                                    Henry E. Hudson
Date: June 3, 2016             United States District Judge
Richmond, Virginia

---

[4] Moreover, as noted above, the Magistrate Judge explained that in the alternative, this Court has found that an inmate lacks a substantive due process right to use violence to defend himself.